[Civ. No. 4036.   Fourth Dist.   May 10, 1950.]

WILLARD TERRY, Respondent, v. CHARLES SCHWARTZ, Appellant.

Sidney J. W. Sharp, Herbert M. Braden and Lawrence W. Clawson for Appellant.

William M. Martin for Respondent.

SHEPARD, J. pro tem.—Plaintiff sues for $312.50, balance due and unpaid on the sale and delivery by plaintiff to defendants of one Byron-Jackson circulating pump. Defendant Hamblin defaulted. Defendant Schwartz answered, denying the debt. Trial was had before a jury. The verdict was for plaintiff. Judgment was entered thereon. A motion for new trial was denied and defendant Schwartz appeals.

Defendant Schwartz contends that the evidence was insufficient to support the judgment. In commenting on that contention we are here concerned only with the evidence most favorable to plaintiff. (*Bellman* v. *San Francisco H. S. Dist.*, 11 Cal.2d 576, 581 [81 P.2d 894].)

In general substance that evidence shows: that early

in January, 1948, defendant Schwartz inquired of plaintiff about the pump and told plaintiff he would buy it if he could get codefendant Hamblin to drill some wells on his (Schwartz's) land; that he also asked plaintiff to hold the pump for him and plaintiff agreed to do so; that about the middle of January plaintiff told Schwartz that plaintiff had an opportunity to sell the pump and asked Schwartz if he still wanted the pump; that Schwartz said he would see Hamblin in a day or so to be sure; that Schwartz reconfirmed his purchase a day or two later and ordered the special work required on the pump to be finished by plaintiff; that plaintiff explained then that he would not charge the pump to Hamblin and Schwartz agreed to pay for it; that about 20 January, Schwartz asked the price of the pump, was told $500, and again agreed to pay for same; that Schwartz told his codefendant Hamblin that he, Schwartz, had made arrangements with plaintiff to pay for the pump; that Hamblin picked up the pump from plaintiff and took it to Schwartz, on whose property it was used to drill wells for defendant Schwartz and where it remained from one to two months; that later, defendant Schwartz talked to plaintiff and asked him to take the pump back and allow Schwartz to make payment for its use to that time on a rental basis; that plaintiff mailed Schwartz a bill for the purchase price, and a few days later received a check for $200 from Schwartz accompanied by a note saying: ''This is $200. Please apply on pump.''

On these facts and the inferences which might properly be drawn therefrom, we are satisfied the jury was justified in concluding that defendant Schwartz ordered and agreed to pay for the pump and that in accordance therewith the pump was actually delivered to the possession of defendant Schwartz and that Schwartz assumed dominion over it with the understanding and intent that he, Schwartz, was to pay for it. The fact that Schwartz may have intended to ultimately rest the title in Hamblin would not change the legal relationship of Schwartz and plaintiff.

There was, in addition, ample other evidence to corroborate various vital points in the foregoing. We are satisfied that the evidence was sufficient to support the verdict.

There are certain contentions of error regarding the admission of alleged hearsay evidence. We have read the entire record and we are satisfied that there was no prejudicial error.

From a reading of the entire record it appears that a full and fair trial was had and that the verdict was amply supported by the evidence produced.

The judgment is affirmed.

Griffin, Acting P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 6, 1950.